## LYMAN'S BRIDGE CO. *v.* LEBANON.

Section 4, c. 70, G. L., prohibiting the appropriation of land for a highway until the damages assessed therefor are paid or tendered, does not forbid the acceptance of a report of the commissioners laying out a highway before the jury assess the damages of a land-owner who is dissatisfied with the damages awarded to him by the commissioners.

PETITION, for a highway in Lebanon across the Connecticut river. It was referred to the county commissioners, who made their report laying out the highway, and condemning for that purpose the franchise and bridge of the plaintiffs, and assessing their damages. The plaintiffs, being dissatisfied with the amount of damages assessed, elected that they be assessed by a jury, and objected to the entering of judgment upon the report previous to such assessment. The court accepted the report laying out the highway, ordered judgment thereon, and continued the case for the assessment of the plaintiffs' damages by the jury; and the plaintiffs excepted.

*Spring* and *Bingham & Mitchell*, for the plaintiffs.

*Dole, Shirley*, and *Cotton*, for the defendants.

FOSTER, J. "If, in the case of any petition relating to highways referred to the commissioners, the person to whom damages are awarded is dissatisfied with the same, he may appear at the court when their report is returned, and object thereto in writing, and the court shall assess his damages by a jury." G. L., c. 69, s. 13.

This statute must receive the ordinary interpretation afforded by grammatical construction and the usual meaning of words, in the absence of any indication of any legislative intention to the contrary. "Dissatisfied with the same" has reference to the last antecedent—"damages;" and "thereto," being also applied to the last antecedent, namely, "their report," must have reference to the report on the subject of damages, because that is the only thing

with which the plaintiffs have any personal concern, and with reference to which, upon their objection, the jury are to pass.

The only question in this case is, whether s. 4, c. 70, G. L., prohibiting the appropriation of land for a highway until the damages assessed are paid or tendered, forbids also the acceptance of the report of the commissioners laying out the highway before the jury assess the damages of the plaintiffs.

The establishment of the highway by the acceptance of the report and judgment thereon is a matter of public concern; that of the land-owner's damages a matter of private concern, which cannot be allowed to defeat or obstruct the public necessity or convenience.     The case does not raise the question whether the plaintiffs' property can be "appropriated or used" before the damages now or finally assessed are paid or tendered.     G. L., c. 70, s. 4.

There is an obvious distinction between the settlement or adjudication of land damages, and the judgment of a court establishing a highway.     If it appear by the report of the commissioners that all the land-owners have been legally notified, and their damages assessed, the court may accept the report, and the highway thereby becomes established, even without a formal rendition or record of judgment on the report.     State v. Dover, 10 N. H. 394, 396.

*Exceptions overruled.*

SMITH, J., did not sit : the others concurred.