<i>Case discharged.</i>

All concurred.

---

Rockingham, }
  Dec., 1895. }

### WENTWORTH, *Ap't, v.* PORTSMOUTH.

Upon an appeal from an award by the county commissioners in a highway proceeding, the plaintiff is entitled to interest on the damages assessed by a referee from the time of filing the report until the date of judgment thereon.

APPEAL, filed March 19, 1892, from the award by the county commissioners of damages for land taken in laying out a highway. By agreement of parties the appeal was heard by a referee, whose report was filed June 21, 1895. The county commissioners' report was filed February 11, 1892, and judgment ordered thereon January term, 1892. October term, 1895, the plaintiff moved for judgment for the amount found by the referee and interest.

*Samuel W. Emery,* for the plaintiff.

*Calvin Page, Ernest L. Guptill,* and *Thomas E. O. Marvin,* for the defendants.

WALLACE, J. If a person to whom damages are awarded by the commissioners in a highway case is dissatisfied, he may appear when their report is returned and object, and the court will assess his damages by a jury. P. S., *c.* 68, *s.* 10. An execution will issue for damages and costs, as upon other judgments. P. S., *c.* 68, *s.* 11. In this case, by agreement, the damages were assessed by a referee instead of by a jury. "No land or other property taken for a highway shall be appropriated or used for making the same until the damages assessed therefor are paid or tendered " (P. S., *c.* 71, *s.* 4) ; and " In cases where execution may not be issued by the supreme court for damages on account of a highway, the person entitled thereto may recover the same, with interest, by action of debt, if not paid in thirty days after demand." *Ib.*, *s.* 7. In *Fiske* v. *Chesterfield*, 14 N. H. 240, a highway had been laid out through the plaintiff's land and his damages assessed in 1837, but it was not built until 1842. No demand for the damages was made by the landowner nor was any tender of them made to him. Under a statute similar to the present one, which provided that the damages should be paid or tendered to the landowner before the highway was made (Laws 1830, *p.* 573, 574), the court held the plaintiff was entitled to interest from the time the road was built, but not from the time it was laid out. The court say (*p.* 242): "At that time, then [the date of building the road], the plaintiff's property was taken from him. He lost the use of it, and the public received the benefit. The damages were not tendered, as they should by law have been. N. H. Laws 574, *ed.* of 1830. From this time, then, the damages may be considered as detained from the plaintiff." They also say, if the plaintiff "had desired to throw upon the town the burthen of paying interest, he should have made a demand." In *Clough* v. *Unity*, 18 N. H. 75, where a highway had been laid out and the damages assessed, but the land not actually appropriated for building it, it was held that interest could be recovered only from the time of the demand. The court say (*p.* 79): " The law imposed no other duty upon the town, as to the time of making the payment, except only that it must have been done, or a tender made, before they could make the road. In the absence of any action on the part of the proprietor himself, we think that it was reasonable for the town to seek him and offer to pay, when they were ready to enter upon the land for the purpose of exerting the power over it acquired by the decree. N. H. Laws 574."

In the present case, the judgment on the report of the commissioners legally established the highway. The question of the plaintiff's land damages was still being litigated, and was undetermined during the pendency of her appeal. *Lyman's Bridge Co.* v. *Lebanon*, 59 N. H. 196. There was no judgment

for the plaintiff entitling her to receive interest upon it until the judgment upon the report of the referee. The damages were not ascertained until the referee made his report. Before then the plaintiff could not demand them. It is assumed that before then the land was not actually taken from the plaintiff to build the highway, and that she had the use of it until then. But if the land was actually taken from her before then, it is to be presumed that the referee's report, like the verdict of a jury, included in the assessment of damages such interest as she was entitled to receive to that time. The plaintiff is entitled to interest on the award only from the time of filing the report of the referee until the date of the judgment thereon.

*Judgment for the plaintiff accordingly.*

All concurred.